UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 4:14-CV-2044-CEJ |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e)(2)(B) because it is legally frivolous.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, seeking monetary relief against defendants the City of St. Louis and Barnes Jewish Hospital. Plaintiff alleges that a St. Louis City police officer unconstitutionally arrested him for disturbing the peace in June of 2014 and illegally transferred him to Barnes Jewish Hospital where he was assaulted and battered by public safety officers and civilly committed for 96 hours. Plaintiff summarily alleges that the City of St. Louis has a custom and practice of allowing police officers to make warrantless arrests for misdemeanors and allows its agents to falsely arrest and imprison citizens.

## Discussion

After carefully reviewing plaintiff's allegations, the Court concludes that the complaint is legally frivolous. To state a claim under § 1983 against the City of St. Louis or Barnes, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978); Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. at 1950-51. The instant complaint does not contain any non-conclusory allegations that a policy or custom of the City of St. Louis or Barnes was responsible for the alleged violations of plaintiff's constitutional rights. As such, the Court will dismiss this action as legally frivolous and for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will be filed forthwith.

Dated this 18th day of December, 2014.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE